445 A.2d 535

**MARYLAND CASUALTY COMPANY, Appellant,**

**v.**

**CAROLINA CASUALTY INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Oct. 13, 1981.

Filed May 7, 1982.

Petition for Allowance of Appeal Denied Nov. 5, 1982.

224

George I. Buckler, Pittsburgh, for appellant.

Robert B. Truel, Pittsburgh, for appellee.

Before HESTER, JOHNSON and MONTEMURO, JJ.

JOHNSON, Judge:

Appellant brings this appeal from a judgment entered January 7, 1981, denying its motion for summary judgment and granting a motion for summary judgment in favor of appellees. Three issues are raised on this appeal. The first issue is whether granting of summary judgment was appropriate in an action to recover an amount from appellees expended by appellant to settle an underlying action. The second issue is whether the parol evidence rule bars the introduction of certain evidence in determining the meaning of certain clauses in the insurance policies. The final issue presented here is in what proportions the parties should contribute in the settlement of an underlying lawsuit.

On September 17, 1975, Jesse John Miller, Jr. was struck and killed by a truck leased to Fisher Scientific Company. Appellant, Fisher Scientific's insurer, subsequently settled an action brought by the Administratrix of the Estate of the

deceased in the amount of $85,000. The truck was owned by Continental Leasing Company. Appellee was the insurance carrier for Continental Leasing. Appellant thereafter commenced an action in assumpsit against appellee for recovery of the $85,000 it paid in the settlement action.

■ The language of the policies in question is quite clear. Appellant's policy defines the vehicles to which it affords primary coverage, under the heading of owned automobiles, as

A. All owned or hired vehicles, per schedule on file with Maryland.

B. Any replacements or additions during the term of the policy.

This portion of the agreement is typed in among the boilerplate language. As between typewritten and printed provisions, typewritten provisions are controlling. *C. H. Heist Caribe Corp. v. American Home Assurance Co.*, 640 F.2d 479 (3rd Cir. 1981). Giving plain meaning to the terms would result in an interpretation that a vehicle leased for a few days would constitute "an addition or replacement" under the terms of the policy. The leased tractor and subsequent accident would therefore be covered primarily under appellant's policy.

■ The appellee's policy contains a Truckmen's Endorsement clause which effectively denies coverage for a hired or leased vehicle unless it is being used exclusively within the business and control of the insured, i.e. Continental Leasing. A Truckmen's Endorsement clause on a policy is intended to place responsibility on the lessee's carrier. *Allstate Insurance Co. v. General Fire and Casualty Co.*, 348 F.Supp. 682 (E.D.Pa.1972). Under facts precisely the same, the court granted summary judgment in favor of the defendant in *Transportation Indemnity Co. v. Home Indemnity Co.*, 535 F.2d 232 (3rd Cir. 1976), holding that a Truckmen's Endorsement clause would supersede any apparent coverage extended to the lessee of a truck by the comprehensive automobile liability provision in the lessor's policy defining persons

insured as including any person using a hired vehicle. The lessor's policy would subsequently afford only excess coverage to claims. Under the Truckmen's Endorsement clause in appellee's policy, the coverage provided for the truck and accident would be excess coverage.

The order of the lower court denying appellant's motion for summary judgment and granting appellee's motion for summary judgment was proper. The extent of insurance coverage could be determined from the four corners of the policies. No other issues of material fact existed. Since appellant's second and third issues, relating to the admission of parol evidence and the amounts to be respectively contributed by each insurance company, are dependent upon the summary judgment issue, we find that these issues also lack merit.

For the foregoing reasons, the judgment is affirmed.